**SO ORDERED.**

**SIGNED this 29 day of June, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 14-01956-5-DMW |
| CRAIG M. TYNER | |
| | CHAPTER 13 |
| DEBTOR | |

| | |
|---|---|
| TERESA SULLIVAN TYNER | |
| PLAINTIFF | ADVERSARY PROCEEDING |
| | NO. 14-00016-5-DMW |
| vs. | |
| CRAIG M. TYNER | |
| DEFENDANT | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter comes on to be heard upon the Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion") filed by Teresa S. Tyner ("Plaintiff") on February 27, 2015 and the Memorandum In Opposition to Plaintiff's Motion for Summary Judgment filed by Craig M. Tyner ("Defendant") on April 20, 2015. The court conducted a

hearing in Raleigh, North Carolina on April 29, 2015. Benjamin R. Eisner, Esq. appeared on behalf of the Plaintiff, and Adrian M. Lapas, Esq. appeared on behalf of the Defendant. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Defendant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on April 4, 2014 ("Petition Date").

3. The Plaintiff later filed her own Chapter 13 Petition on December 4, 2014.

4. Plaintiff and Defendant were previously married. The two ended the marriage by a grant of absolute divorce on January 25, 2013 in a case filed in the Wayne County (North Carolina) District Court.

5. On April 5, 2011, the Plaintiff and Defendant executed a Separation and Property Settlement Agreement ("Agreement") which resolved all issues relating to domestic support and equitable distribution. Included in the Agreement was a section entitled "Retirement Benefits" which assigned the Parties right in the Defendant's IRA ("IRA") with Woodman of the Word to the Plaintiff. This section, in pertinent part, reads:

> "Furthermore, the parties have agreed that the Wife shall have as her sole and separate property the Husband's IRA with Woodman of the Word (Certificate No.: 5295852) with a current value of approximately $85,000.00; that the parties agree to sign whatever documents may be necessary in order to effectuate this provision, including executing a Consent Order incident to the divorce of the parties such that Wife receives said IRA as her sole and separate property as a tax free rollover. Husband is precluded from accessing said IRA, including spending any portion of that fund or borrowing against that fund."

2

6. The entry of a Qualified Domestic Relations Order was necessary for legal title to pass from Defendant to Plaintiff; however, the Wayne County District Court failed to include a provision ordering transfer of the legal title of the IRA to Plaintiff. After the divorce, the Plaintiff and Defendant began undertaking steps to transfer legal title of the IRA, but the transfer did not occur before the Petition Date.

7. Also included in the Agreement was a provision that the Defendant was obligated to satisfy an equity line of credit ("Equity Line") secured by the former marital residence owed to Banking Branch & Trust with a balance at that time of $17,850.29. The parties agreed that he former marital residence would be owned by the Plaintiff who was responsible for the debt secured by the first priority deed of trust upon that property.

8. After the Petition Date but before the Defendant filed his bankruptcy petition, the Plaintiff filed a Complaint for Declarative Relief and Determination of Non-Dischargeability of Debts ("Complaint") on July 10, 2014. The Complaint asserted three claims for relief:

   a. The First Claim ("First Claim") requested the court to determine the Plaintiff has an equitable interest in the IRA and that the Defendant is holding the IRA in a constructive trust for the Plaintiff;

   b. The Second Claim ("Second Claim") requested the court to determine that the obligation for the Defendant to transfer the IRA to the Plaintiff is nondischargable;

   c. The Third Claim ("Third Claim") requests the court to determine that the Defendant's obligation to pay the Equity Line of Credit is nondischargeable. The Plaintiff alleged that the Defendant failed to satisfy the Equity Line as provided in the Agreement, and the assumption of the obligation to repay the Equity Line by the Defendant is in the nature of a domestic support obligation and is nondischargeable.

9. The Plaintiff now seeks summary judgment of the First Claim and Second Claim pursuant to Rule 56(c) of the Federal Rules of Civil Procedure made applicable by Rule 7056(c) of the Federal Rules of Bankruptcy Procedure.

10. "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment." *Nationwide Mut. Ins. Co. v. McMahon*, 365 F. Supp. 2d 671, 674 (M.D.N.C. 2005) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986)). Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. *Id.* (citing *Faircloth v. United States*, 837 F. Supp. 123, 125 (E.D.N.C. 1993)).

11. The Fourth Circuit has recognized the affirmative obligation of the "trial judge to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986)). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party . . . If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted." *Glover v. Lockheed Corp.*, 772 F. Supp. 898, 904 (D. S.C. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

12. The Plaintiff argued that the execution of the Agreement by Plaintiff and Defendant for good and valuable consideration transferred an equitable interest in the IRA to the Plaintiff, and that the Defendant holds the IRA in a constructive trust for the benefit of the Plaintiff.

13. The Defendant argued that a constructive trust cannot be created without the passing of legal title. No legal title passed, thus a constructive trust was not created based on North Carolina law.

14. This court in *In re Welch* previously held that a constructive trust cannot be imposed where legal title has not changed hands. The court held, "[a] constructive trust . . . arises when one obtains the legal title to property in violation of a duty he owes to another." *In re Welch*, Case No. 12-05082-8-JRL, at 3 (Bankr. E.D.N.C. Oct. 10, 2012); quoting *Fulp v. Fulp,* 264 N.C. 20, 140 S.E.2d 708 (1965). Further, this court noted that "North Carolina [law] does not permit the imposition of a resulting or constructive trust in situations where legal title has not been transferred." *In re Welch*, at 4; citing *Halverson v. Halverson* (*In re Halverson*), 151 B.R. 358, 363 (M.D.N.C. 1993).

15. In *Halverson*, as in the instant case, the former spouse contended that she held equitable title to personal property of the debtor as the beneficiary of a resulting or constructive trust as the debtor failed to execute the documents required to transfer the debtor's interest to the former spouse required by and equitable distribution judgment. *Halverson*, 151 B.R. at 362-63. The United States District Court for the Middle District of North Carolina held that neither a resulting or constructive trust could be imposed under North Carolina law as no legal title had changed hands. *Welch* at 4; quoting *Halverson*, 151 B.R. at 363.

16. By the Plaintiff's own admission in her Motion, "[e]ntry of a Domestic Relations Order was necessary for legal title to pass from Defendant to Plaintiff," the "Wayne County District Court failed to include a provision ordering transfer of the legal title of the IRS to Plaintiff," and "[n]o such transfer was effectuated prior to the Petition Date."

17. In viewing the evidence presented in the light most favorable to the non-moving party, entry of summary judgment in favor of the Plaintiff is inappropriate. North Carolina law does not allow this court to impose a constructive trust where no transfer of the legal title to the IRA occurred.

18. Additionally, the Defendant argued that a genuine issue of material fact exists as to whether the Agreement is fair and equitable. The Defendant alleged that the Agreement was executed while the Defendant was in an emotionally vulnerable state and under the influence of prescribed medication. The Defendant further argued that the timing of the execution of the Agreement, along with the Plaintiff's failure to disclose the value of her retirement accounts, requires the court to deem the Agreement unfair and inequitable.

19. At this time, the court cannot and should not make an independent determination as to whether the Agreement is fair and equitable. While agreeing with the Defendant that an unresolved issue of material fact surrounding the Agreement exists, the court possibly may not be able to examine the issue. The North Carolina Court of Appeals stated in *Lancaster v. Lancaster*, that "[i]n determining the validity of a separation agreement, [the court] is not required to make an independent determination as to whether the agreement is fair." *Lancaster v. Lancaster*, 138 N.C.App 456, 459, 530 S.E.2d 82 (2000). The *Lancaster* court explained, "[a]bsent a showing of any wrongdoing by a party to the agreement, 'we must assume that the agreement was satisfying to both spouses at the time it was entered into.'" *Lancaster*, 138

N.C.App 465; quoting *Hagler v. Hagler*, 319 N.C. 287, 293 354 S.E.2 228,234 (1987). Further, "[a] separation agreement is not invalid merely because one party later decides that what she bargained for is not as good as she would have liked." *Id.* at 465.

20.　According to the court in *Lancaster*, for this court to make an independent finding as to whether the Agreement is fair and equitable, the Defendant must prove a wrongdoing by the Plaintiff.

21.　In viewing the evidence in the light most favorable to the non-moving party, the court finds that the Plaintiff is not entitled to judgment as a matter of law; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion for Summary Judgment on the First Claim and Second Claim is denied.

**END OF DOCUMENT**